**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS and AIDA ESTERAS, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. 3:CV-03-1906 |
| v. : | |
| : | (JUDGE CAPUTO) |
| TRW, INC., FAHRWERKSYSTEME : | |
| GMBH & CO., KG, a German Corp., : | |
| VOLVO TRUCKS NORTH : | |
| AMERICA, INC., BEAR EXPRESS : | |
| TRANSPORTATION, INC., and : | |
| JAMES DAWSON, : | |
| : | |
| Defendants, : | |
| : | |
| v. : | |
| : | |
| SAPP BROS TRUCK STOPS, INC., : | |
| : | |
| Third Party Defendant. : | |

## MEMORANDUM

Presently before the Court is Defendants Bear Express Transportation, Inc. and James Dawson's Motion for Summary Judgment. (Doc. 116.) Third-Party Defendant Sapp also filed a brief seeking to join the moving Defendants. (Doc. 130.) For the reasons set forth below, both motions will be denied. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

This case arose out of a motor vehicle accident on October 1, 2002. Plaintiff Luis Esteras was driving a 1998 Volvo truck-tractor owned by Bear Express Transportation ("Bear Express") in the westbound lanes of interstate 84 near Kent, New York. Mr. Esteras alleges that the steering mechanism failed, causing the tractor/truck to veer off the road, striking a

guard-rail, and eventually landing on the driver's side door.  Mr. Esteras was working as an employee and/or subcontractor of Bear Express.  James Dawson is the President and/or owner of Bear Express.

On October 24, 2003, Plaintiffs Luis and Aida Esteras filed this claim against TRW, Inc. d/b/a TRW Automotive Commercial Systems ("TRW"), Northrop Grumman Space & Missions Systems Corp. ("Northrop"), Volvo Trucks North America, Inc. ("Volvo"), Bear Express Transportation, Inc. ("Bear Express") and James Dawson. (Doc.1.)  On December 15, 2003, counsel for Plaintiffs and Defendants TRW and Northrop stipulated that a German manufacturing entity that actually designed and manufactured the steering component in question will be substituted for these Defendants.  (Doc. 20.)  Hence, TRW Fahrwerksysteme GmbH & Co. KG ("TRWKG") substituted for TRW and Northrop. (*Id.*)  On the same day, Plaintiffs filed an Amended Complaint.  (Doc. 21.)

On July 13, 2004, Defendants Bear Express and Dawson's motion to dismiss (Doc. 25) was denied as untimely filed.  (Doc. 51.)  Subsequently, on July 16, 2004,  Bear Express and Dawson filed a Crossclaim to Plaintiffs' Amended Complaint. (Doc. 52.)  On May 12, 2005, Plaintiffs' motion to leave file an amended complaint to add Third Party Defendant Sapp Bros. Truck Stops Inc. ("Sapp") (Doc.83) was denied for failure to file their brief in support of their motion.  (Doc. 103.)  On October 25, 2005, Defendants Bear Express and Dawson filed a Motion for Summary Judgment (Doc. 116) to which Plaintiffs filed a brief in opposition (Doc.125) and to which Defendants Bear Express and Dawson replied (Doc.134). On November 11, 2005, Sapp filed a brief to join Bear Express and Dawsons' motion for summary judgment asking that the Court dismiss Sapp from the case if summary judgment is granted as to Bear Express and Dawson. (Doc. 130.)

2

**STANDARD OF REVIEW**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c).  A fact is material if proof of its existence or non-existence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  *See id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that 1) there is no genuine issue of material fact and 2) she is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d Ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).   Once the moving party has

satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257. The court need not accept mere conclusory allegations or denials taken from the pleadings. *See Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

In their Amended Complaint, Plaintiffs assert nine (9) counts against the Defendants. Counts I-III are against Defendants TRW and Volvo. Counts IV and V are against Defendants Bear Express and Dawson. Counts VI-IX for damages are against all Defendants. In Count IV, Plaintiffs claim that Bear Express and Dawson, as employers of Mr. Esteras, are liable for negligence. Plaintiffs claim that they failed to properly inspect, maintain, service, repair and upkeep the component parts. (Doc.21 at ¶ 56.) Plaintiffs further claim that they have also failed to adequately train and advise Mr. Esteras on this matter. (*Id.*) In Count V, Plaintiffs claim that Bear Express and Dawson have failed to maintain Workers' Compensation insurance in violation of state law. (*Id.* at ¶ 63.) For these violations, Plaintiffs are asking for: (1) Count VI: punitive damages for Defendants' willful and wanton conduct as to Mr. Esteras; (2) Count VII: damages for Defendants' negligent infliction of emotional distress as to Mr. Esteras; (3) Count VIII: damages for intentional infliction of emotional distress as to Mr. Esteras; and (4) Count IX: damages for loss of consortium as

to Ms. Esteras.

Defendants Bear Express and Dawson filed their motion seeking summary judgment for the following: (1) Plaintiffs have failed to produce any evidence that Bear Express and Dawson have failed to properly service, maintain, inspect or repair the drag link or steering on the tractor; and (2) Plaintiffs have failed to produce any evidence that Bear Express and Dawson have acted willfully and intentionally. They did not move for summary judgment on damages as to the issue of Worker's Compensation insurance nor to the loss of consortium claim. For the following reasons, Bear Express and Dawson's motion will be denied.

**1. Defendants Bear Express and Dawson: Count VII as to Count IV - Negligent Infliction of Emotional Distress**

In Pennsylvania, to obtain relief through a negligence action, the Plaintiffs must prove: (1) a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss of damage resulting to the interests of another. *Midgette v. Wal-Mart Stores, Inc.,* 317 F. Supp. 2d 550, 557 (E. D. Pa. 2004). Defendants Bear Express and Dawson moved for summary judgment on the basis that Plaintiffs have failed to proffer any evidence of a breach of duty. They maintain that there is no evidence that the moving Defendants have failed to reasonably maintain, inspect, service or repair the vehicle on a regular basis.

Defendants Bear Express and Dawson's duty or obligation is required by the Federal Motor Carrier Safety Regulations ("FMCSR") governing inspection, repair and maintenance. *See* 49 C.F.R. §§ 396.1-25. The FMCSR provides in pertinent part:

### § 396.3 Inspection, repair, and maintenance.

> (a) General. Every motor carrier shall systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control.
>
>> (1) Parts and Accessories shall be in safe and proper operating condition at all times. These include . . . any additional parts and accessories which may affect safety of operations including but not limited to, frame and frame assemblies, suspension systems, axles and attaching parts, wheels and rims, and steering systems.
>
> (b) Required records – For vehicles controlled for 30 consecutive days or more . . . shall maintain, or cause to be maintained, the following record for each vehicle:
>
>> (2) A means to indicate the nature and due date of the various inspection and maintenance operations to be performed
>>
>> (3) A record of inspection, repairs, and maintenance indicating their date and nature.

In this case, allegedly, the cause of the accident is the rusted, corroded and otherwise worn drag link and a lack of grease in the joint. (Doc.125-1 at 3,  Ex. H, Hobson Dep. 19, 28:24-29, April 20, 2005, Ex. F).  According to the Plaintiffs "it is presently suspected that as a result of improper design, manufacture, warnings, inspection and/or maintenance, there was a lack of grease in the drag link joint thereby allowing the accumulation of rust and corrosion of the joint over time." (Doc.125-1 at 3.)  Another Volvo representative, Mr. Heino Scharf stated in his deposition that corrosion should have been discovered during an

inspection:

> Well, corrosion most likely comes – I would defer to TRW on this – but from our perspective, corrosion comes about as a result of contaminates getting inside the mating parts. The only way they can get in there is because there has been some kind of compromise of the rubber boot, and the rubber boot is something that we specifically call for in preventative maintenance to see if that boot is damaged. So if you have corrosion, at least our going-in position would be, is that the rubber boot had lost its integrity, that's something that should have been found in a preventive maintenance. So if that happened within 100,000 miles, that could fall within the improper maintenance exclusion category. It might, it might not.

(*Id.* at 8, Ex. D, Scharf Dep.116:15-24, 117:1-8, March 17, 2005.)

Defendants Bear Express and Dawson contend that Sapp performs inspections for them. Dawson stated in his deposition that Bear Express out sources all its maintenance and usually to companies that are available at the time. (Doc.121, Ex. D, Dawson Dep. 32:2-24, May 13, 2005.) Thus, Bear Express did not have any type of written contract with Sapp. (*Id.*) Dawson stated that Bear Express first started doing business with Sapp on December of 2001. (Dawson Dep. 125:20-23.) Dawson further stated that when Sapp does work on the trucks, "they generate an invoice showing the work done and the charges for that work." (Dawson Dep. 30:18-20.) Dawson states that he does annual maintenance himself. (Dawson Dep. 125:1-12.)

Plaintiffs contend that there is an issue of material fact as to when the oral agreement between Dawson and Sapp actually took place. Plaintiffs direct the Court to Dawson's deposition in which he stated that his discussion with Sapp took place "[b]ack in December 2001, I guess it was, or 2002." (Dawson Dep. 148:18-24, 149:1-2.) Plaintiffs also contend that moving Defendants only assumed that Sapp performed inspection on the drag link

and/or steering components. (Doc. 125-1 at 5.) Plaintiffs contend that no documentation of inspection or repair of the drag link and/or steering components of the tractor/truck was ever requested, suggested nor performed by Sapp, Bear Express or Dawson. (*Id.* at 17.) In fact, Mr. Frank Stice, representing Sapp, stated in his deposition that no list of any type of repair, maintenance or inspection of the tractor/truck's drag link or steering link were listed because "[Sapp] just looked at it, [Sapp] did not note it. Only if there's a problem that somebody else has advised us on." (Doc. 122 , Ex. D, Stice Dep. 92:18-24, 93:1, April 29, 2005).

A reasonable jury could conclude that Defendants Bear Express and Dawson had a duty under the FMCSR to properly maintain and inspect the tractor/truck and that they have failed to due so. Viewing the evidence in the light most favorable to the Plaintiffs, the Court finds that genuine issues of material fact exists as to whether Defendants Bear Express and Dawson breached their duty under the FMCSR, which might or might not have resulted in Mr. Esteras's accident.

Therefore, Defendants Bear Express and Dawson's motion for summary judgment will be denied.

**2.    Defendants Bear Express and Dawson: Counts VI and VIII as to Count IV - Willful and Wanton Conduct and Intentional Infliction of Emotional Distress**

In Pennsylvania, punitive damages are rewarded for conduct that is especially egregious or outrageous. *Martin v. Johns-Manville Corp.,* 494 A.2d 1088, 1096-97 (Pa. 1985). The conduct of the tortfeasor must be a result of reckless indifference to the rights of others, meaning that the actor intentionally committed an act "of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have

8

been aware of it, and so great as to make highly probable that harm would follow." *Came v. Micou,* No.04-1207, 2005 U.S. Dist. LEXIS 40037, at *8 (M.D. Pa. June 23, 2005) (citations omitted).   Such misconduct cannot be a result of "ordinary negligence such as inadvertence, mistake and errors of judgment." *Came,* 2005 U.S. Dist. LEXIS 40037, at *9 (quoting *Martin,* 494 A.2d at 1097). In determining whether the tortfeasor acted with reckless indifference warranting punitive damages, "the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff, that the defendant cause or intended to cause and the wealth of the defendant." *Came*, 2005 U.S. Dist. LEXIS 40037, at *8 (quoting RESTATEMENT OF TORTS (SECOND) § 908(2)).

In this case, Plaintiffs argue that Defendants Bear Express and Dawson acted with reckless indifference to the safety of their employees and the general public by their failure to ensure the safety of their vehicles.  Namely, that Defendants Bear Express and Dawson have delegated the inspection, maintenance of their vehicles to Sapp and subsequently never checked to make sure the drag link and/or steering components of the tractor-truck were properly inspected and maintained in violation of the Federal Motor Carrier Safety Regulations.  Defendants Bear Express and Dawson argue that Plaintiffs have made the allegations but have not proffered any evidence that the Defendants were ever made aware of the risk nor were alerted by Sapp.  In fact, the moving Defendants argue that they were diligent in their maintenance.  Their diligence and proper adherence to maintenance and inspection, however, is at issue in this case.

A reasonable jury could conclude that failure to properly inspect and maintain the tractor/truck driven by Mr. Esteras constitutes reckless indifference to the rights of others.

Viewing the evidence in the light most favorable to the Plaintiffs, the Court finds that genuine issues of material fact exists as to whether Defendants Bear Express and Dawson's conduct was egregious as to warrant an award of punitive damages in this case.

Therefore, Defendants Bear Express and Dawson's motion for summary judgment will be denied.

### 3. Third Party Defendant Sapp's Brief to Join Defendants Bear Express and Dawson's Motion for Summary Judgment

On November 11, 2005, Third-Party Defendant Sapp filed a brief asking to be dismissed from the case if Defendants Bear Express and Dawson's Motion for Summary Judgment is granted. (Doc. 130.)  I will construe this as a motion even though not so stated. Sapp argues that  the statute of limitations on a negligence claim has run as to Sapp. Therefore, if Bear Express and Dawson's claims are dismissed and Sapp is the remaining Defendant, Sapp argues that it should be dismissed from the action as well since Plaintiffs cannot recover against Sapp alone.  Since the Court is denying the moving Defendants' motion, this issue will be considered moot and will be denied.

## CONCLUSION

Viewing the evidence in the light most favorable to the Plaintiffs, the Court finds that genuine issues of material fact exists as to whether Defendants Bear Express and Dawson breached their duty under the FMCSR, which might or might not have resulted in Mr. Esteras's accident.  Genuine issue of material fact also exists as to whether Defendants Bear Express and Dawson's conduct was egregious as to warrant an award of punitive damages. Therefore, Defendants Bear Express and Dawson's motion for summary judgment will be denied.

Third-Party Defendant Sapp's motion to join the moving Defendants for the purposes of this summary judgment will be denied as moot.

An appropriate Order will follow.

| | |
|---|---|
| August 25, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS and AIDA ESTERAS, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. 3:CV-03-1906 |
| v. : | |
| : | (JUDGE CAPUTO) |
| TRW, INC., FAHRWERKSYSTEME : | |
| GMBH & CO., KG, a German Corp., : | |
| VOLVO TRUCKS NORTH : | |
| AMERICA, INC., BEAR EXPRESS : | |
| TRANSPORTATION, INC., and : | |
| JAMES DAWSON, : | |
| : | |
| Defendants, : | |
| : | |
| v. : | |
| : | |
| SAPP BROS TRUCK STOPS, INC., : | |
| : | |
| Third Party Defendant. : | |

**ORDER**

**NOW**, this 25th day of August, 2006, **IT IS HEREBY ORDERED** that:

1) Defendants Bear Express Transportation, Inc. and James Dawson's Motion for Summary Judgment (Doc. 116) is **DENIED**; and

2) Third-Party Defendant Sapp Bros Truck Stops, Inc.'s motion to join Defendants Bear Express Transportation, Inc. and James Dawson for summary judgment purposes (Doc.131) is **DENIED**.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge